BENJ. BROWN *v.* COMMONWEALTH.

[Kentucky Law Reporter, Vol. 4—49.]

**Larceny—Receiving Stolen Property.**

> Three hogs worth more than ten dollars each were stolen and the accused was indicted in two counts, one for stealing hogs worth more than $4 and the other for knowingly receiving the stolen property of the value of more than $4. The evidence showed that the hogs stolen were worth $10 each. Some of the fresh pork worth less than $4, and a part of one of the stolen hogs, was found in the possession of the accused. The court instructed the jury in substance that if the accused alone or with others feloniously took and carried away the hogs or any of them of the value of $4, or feloniously received them knowing them to be stolen, they must find him guilty and fix his punishment at not less than one nor more than five years in the penitentiary. It was held in view of the evidence that the court should have given to the jury also an instruction asked by the accused to the effect that if he neither participated in the felony nor received the hogs when stolen, but if the jury believed beyond a reasonable doubt that after the theft, he received a part of the stolen goods of less value than $4 without any knowledge or participation in the felony, his punishment should be confinement in the county jail.

APPEAL FROM FAYETTE CIRCUIT COURT.

June 24, 1882.

OPINION BY JUDGE PRYOR:

There are two counts in this indictment, the first for stealing hogs of the value of more than $4; second, for knowingly receiving the stolen property, the hogs, of the value of more than $4.

Three hogs of more than the value of $10 each, the property of Kilpatrick, had been stolen. Some of the fresh pork, of less value than $4, and a part of one of the hogs, was found in the possession of the appellant.

The court instructed the jury that if the accused alone, or with others, feloniously took and carried away the hogs, or any of them of the value of $4, or feloniously received them, knowing them to be stolen, they must find accused guilty, and fix their punishment at confinement in the penitentiary not less than 1, nor more than 5 years. The court also told the jury that if they had a reasonable doubt as to whether said hogs were of the value of $4 they must fix the punishment by confinement in the county jail, etc. There was no doubt but the hogs were of the value of $30 or $40, as no proof was offered to the contrary and, therefore, under the instructions of the court, the jury was compelled to find the parties either guilty of stealing the hogs, or of receiving them as stolen property, or of finding them not guilty of either offense. The proof was that the accused, the appellant, was found in the possession of part of the hog of less value than $4, and this was sufficient, in the opinion of the jury, to convict him either of the offense of stealing the three hogs, or of receiving them, knowing them to have been stolen. This was the only issue the jury could try or were required to determine from the instructions. The accused, however, maintained that while the possession of a part of the stolen property might be evidence sufficient to convict him of the felony, still he was entitled to an instruction based upon the idea that if he was not the original felon or an aider or abettor in the felony, but received a part of this hog with no other knowledge than that the part received by him had been stolen, and was of less value than $4, it was a misdemeanor and not a felony. If he was not a party to the stealing, but after the felony had been committed he accepted from the thief a part of the meat of less value than $4, this constituted his offense, and the punishment was confinement in the county jail. Such was the instruction asked by counsel and refused. He had not the benefit of this ruling under any instruction given. The only instruction on the subject given was, that if the jury have a reasonable doubt as to the value of said hogs being $4 they must acquit. The party was either guilty or not guilty of stealing the hogs or of receiving them, knowing them to have been stolen, under the instructions.

The further instruction should have been given to this effect: If he neither participated in the felony, nor received the hogs when stolen, but the jury should believe, beyond a reasonable doubt, that after the theft was committed, he received a part of the stolen property of less value than $4, without any knowledge or participation in the felony, his punishment is confinement in the county jail. This, it seems to us, combined the whole law of the case, and without it the accused was prejudiced. The judgment as to Benjamin Brown, in our opinion, was erroneous.

*Mat Walton, for appellant.*

*P. W. Hardin, for appellee.*